ENTERED

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

DEC 1 9 2005

| | | |
|---|---|---|
| **VICTORIA M. GRIER,** | * | |
| | * | |
| Appellant | * | |
| | * | |
| vs. | * | Case Nos. RWT  05-cv-1886 |
| | * | RWT  05-cv-2528 |
| | * | RWT  05-cv-2529 |
| | * | |
| **STEVEN H. GREENFELD, et. al.** | * | **ECF EXEMPT** |
| | * | |
| Appellee | * | |

## MEMORANDUM OPINION

Appellant Victoria Grier has filed three cases with this Court seeking to challenge various rulings of the Bankruptcy Court. On July 12, 2005, Ms. Grier filed a Petition to Vacate a Void Judgment against Trustee Steven Greenfeld and the Honorable Nancy V. Alquist (Case No. 05-cv-1886), which provided a rambling and incomprehensible description of events that took place not to her satisfaction in the bankruptcy proceeding (Bankruptcy Petition # 04-35274).[1] One month later, Ms. Grier filed two Notices of Appeal challenging the order of the Bankruptcy Court compelling turnover of her property (Case No. 05-cv-2528) and the denial by the Bankruptcy Court of her motion to dismiss (Case No. 05-cv-2529). The appeal in Case No. 05-cv-2528 has been fully and properly briefed. Ms. Grier has not filed a brief in Case No. 05-cv-2529, but instead filed a Motion for a Temporary Restraining order on September 29, 2005. The Court now rules, no hearing being deemed necessary. L.R. 105.6.

---

[1]Unable to ascertain the relief sought by Ms. Grier in this filing, this Court assumed that Ms. Grier sought to challenge some ruling of the Bankruptcy Court and ordered her to follow the proper procedures for appeal provided in the Bankruptcy Rules. Ms. Grier was cautioned at that time that her failure to follow the proper procedures may result in the dismissal of her appeal without notice. See Case No. 05-cv-1886, Paper No. 2.

Facts

On November 8, 2004, Ms. Grier filed in the Bankruptcy Court for the District of Maryland a pro se voluntary petition for relief pursuant to Chapter 7 of the Bankruptcy Code.  On or about December 13, 2004, Ms. Grier sought to convert her case to one under Chapter 13 of the Bankruptcy Code,[2] and the Bankruptcy Court entered an order converting the case to one under Chapter 13 on January 21, 2005.   On February 18, 2005, asserting "cause" - namely, to provide the estate with the opportunity to liquidate Ms. Grier's home (the "Alcona property") for the benefit of creditors - Trustee Greenfeld filed a motion to reconvert the proceeding to Chapter 7 [Bankr. Paper No. 50]. Ms. Grier subsequently filed a motion to dismiss the Chapter 13 proceeding on April, 11, 2005, but did not serve the parties or otherwise comply with 11 U.S.C. 1307(c), which requires notice and "cause" that dismissal is warranted and in the best interest of creditors.  The Bankruptcy Court declined Ms. Grier's invitation to dismiss the bankruptcy proceeding, and instead on June 7, 2005 entered an order pursuant to which the case was converted back to a case under Chapter 7 of the Bankruptcy Code.[3]   After several unsuccessful attempts on the part of the Trustee to gain access to the Alcona property to assess and ultimately market it for sale, the Trustee filed a Motion to Compel

---

[2]The Brief of the Trustee indicates that Ms. Grier sought conversion upon being informed by the Trustee that he believed that there was equity in her residence (the "Alcona property") which could be realized upon a sale for the benefit of unsecured creditors of the bankruptcy estate and upon the filing of a Motion for Relief from Stay filed by National City Mortgage to allow foreclosure.  Appellee's Brief at 2-3.

[3]Ms. Grier apparently was unclear that the Bankruptcy Court had denied her motion to dismiss, and on August 15, 2005 that court issued an order which, among other things, clarified that Ms. Grier's Motion to Dismiss was denied upon the Court's order reconverting the proceeding to a Chapter 7 case. See Bankr. Paper No. 84.

Turnover on July 8, 2005. This motion went unopposed[4] and on August 9, 2005, the Bankruptcy Court entered an order directing that Grier turnover the Alcona Property. On or about August 18, 2005, Trustee Greenfeld filed an Application for Writ of Possession in Aid of Court Order [Bankr. Paper No. 87] seeking the services of the U.S. Marshals to help evict Ms. Grier from the Alcona property. Ms. Grier opposed this application, but failed to appear at a hearing on the Trustee's application. After notice and hearing conducted on September 1, 2005, the Bankruptcy Court granted relief to the Trustee and ordered a Writ of Assistance issued.

Discussion

- **Case No. 05-cv-1886**

Ms. Grier has failed to file any additional papers in Case No. 05-cv-1886 after this Court issued an order instructing her to comply with the Bankruptcy Rules governing appeal. The Court assumes that the subsequent appeals by Ms. Grier in Case Nos. 05-cv-2528 and 05-cv-2529 seek the specific relief she vaguely requested in her original "Motion to Vacate Void Judgment." Accordingly, by separate order the Court will grant the Trustee's Motion to Dismiss [Paper No. 6] for lack of prosecution.[5]

---

[4]On July 19, 2005, Ms. Grier filed an "Affidavit of Truth" [Bankr. Paper No. 80], but this document seems to generally express Ms. Grier's discontent regarding the continued bankruptcy proceeding and does not directly respond to Trustee Greenfeld's Motion to Compel Turnover.

[5]Unfortunately, Ms. Grier dedcided to include the Honorable Nancy V. Alquist as a defendant in Case No. 05-cv-1886. Although the point is moot, as Case No. 05-cv-1886 will be dismissed and Case Nos. 05-cv-2528 and 05-cv-2529 do not name Judge Alquist as a defendant, the Court notes that it has long been recognized that a judge is generally immune from such suits. See, e.g., Mireles v. Waco, 502 U.S. 9 (1991). See also Bryan v. Murphy, 243 F. Supp. 2d 1375, 1378-79 (N.D. Ga. 2003) (holding that federal district judge and bankruptcy judge were absolutely immune from disgruntled debtor's claims against judges for declaratory, injunctive and monetary relief).

- **Case Nos. 05-cv-2528 and 05-cv-2529**

Viewed together, Case Nos. 05-cv-2528 and 05-cv-2529 contain Ms. Grier's challenge to the Bankruptcy Court's denial of her motion to dismiss, reconversion of her bankruptcy proceeding to one under Chapter 7, and the order compelling turnover of the Alcona property. In Case No. 05-cv-2528, Ms. Grier designates for appeal the Bankruptcy Court's order compelling turnover of her property.[6] Ms. Grier's Brief disputes the propriety of Trustee Greenfeld's actions, and asserts, among other things, that Trustee Greenfeld is attempting to enrich himself by "stealing" her property without authority. This claim is utterly devoid of merit. Trustee Greenfeld's Brief aptly notes that Ms. Grier's commencement of her bankruptcy proceeding created an estate comprised of all of her legal and equitable interests in property. See 11 U.S.C. § 541 (a)(1). The property that enters a Chapter 7 estate is broadly defined and includes "legal or equitable interests, tangible or intangible property, choses in action and beneficial rights and interests that the debtor has in property of another." In re Lima Days Inn, Ltd., 10 B.R. 173,174 (Bankr. N.D. Ohio 1981). Ms. Grier's interest in the Alcona property thus became property of the Bankruptcy estate over which the Trustee could exercise control pursuant to his duty to "collect and reduce the money the property of the estate for which [he] serve[d]," 11 U.S.C. § 704(1). Pursuant to this duty, Trustee Greenfeld entered into a contract for the sale of the Alcona property for $340,000, anticipating that the sale would provide sufficient proceeds to satisfy all of the pre-petition claims against the estate and even return a surplus to Ms. Grier. Trustee Greenfeld's actions in this respect are well within the scope of activities

---

[6]It appears that Ms. Grier's Motion for a Temporary Restraining Order, filed in Case No. 05-cv-2529, would be more appropriate if docketed in Case No. 05-cv-2528. This is of little consequence, however, because Ms. Grier's arguments in the TRO request (Case No. 05-cv-2529) and her Brief (Case No. 05-cv-2528) are essentially identical and will be discussed together in this opinion.

contemplated by the Bankruptcy Code.

Ms. Grier's Brief filed in support of Case No. 05-cv-2528 also expresses her displeasure with the denial by the Bankruptcy Court of her motion to dismiss the bankruptcy proceedings.[7]   The dismissal of a Chapter 13 proceeding is governed by § 1307 of the Bankruptcy Code, which provides

> (b) On request of the debtor at any time, <u>if the case has not been converted under section 706,</u> 1112 or 1208 of this title, the court shall dismiss a case under this chapter...
> (c) ...on request of a party in interest or the United States trustee and after notice and hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, <u>whichever is in the best interest of creditors and the estate,</u> <u>for cause.</u> . . 11 U.S.C. § 1307 (emphasis added).

Here, the Bankruptcy Court opted to reconvert the case because it found cause for conversion and that such an action would be "in the best interests of creditors and the estate."[8] [Bankr. Paper No. 66].   In reaching this decision, the Bankruptcy Court rejected Ms. Grier's motion to dismiss because of her failure to demonstrate any cause for dismissal or demonstrate that dismissal would be in the

---

[7]The appeal in Case No. 05-cv-2528 technically designated for appeal only the Bankruptcy Court's order compelling turnover of property, but the Court will be lenient in entertaining the arguments in Ms. Grier's brief regarding the denial of her motion to dismiss and reconversion of the case to a Chapter 7 proceeding.  Although the Trustee is correct in pointing out that Ms. Grier's pro se attempt to piggy-back review of her motion to dismiss in Case No. 05-cv-2528 is procedurally deficient because that order was not designated on appeal, the Court notes that Case No. 05-cv-2529 properly designated for appeal the denial of Ms. Grier's motion to Dismiss.   The arguments advanced by Ms. Grier in Case Nos. 05-cv-2528 and 05-cv-2529 are similar, and the Court can address the substance of Ms. Grier's appeals without holding against her any technical missteps or procedural deficiencies.

[8]With the reconversion, an asset with approximately 200,000 in nonexempt equity became available to satisfy the claims against the estate.  If the case was dismissed, the creditors would have had no assurances that the Alcona property would not have been transferred and the equity therein dissipated before they could take any action to collect on their claims.

best interest of the estate.[9]  <u>See</u> Bankr. Paper No. 84, n.1.  Such a finding of fact is to be overturned only if it is clearly erroneous.  Fed. R. Bankr. 8013.  Here, Ms. Grier provided no basis on which this Court could conclude that the Bankruptcy Court's finding was clearly erroneous.  Accordingly, the Court will uphold the Bankruptcy Court's ruling denying Ms. Grier's Motion to Dismiss and reconverting the case to a Chapter 7 proceeding.

On the basis of the foregoing, the Court will, by separate order, GRANT Trustee Greenfeld's Motion to Dismiss filed in Case No. 05-cv-1886, DENY Ms. Grier's Motion for Temporary Restraining Order and AFFIRM the decisions of the Bankruptcy Court appealed in Case Nos. 05-cv-2528 and 05-cv-2529.

_December 19, 2005_
Date

_Roger W. Titus_
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE

---

[9]The Bankruptcy Court specifically noted that "the Debtor's Motion to Dismiss would not have been granted even if the Trustee had not filed his § 1307(c) motion because it was not properly filed and served in accordance with the Bankruptcy Code and Rules. Also, where a case has previously been converted as had the Debtor's case here, the Debtor was required by 11 U.S.C. § 1307(c) to state 'cause' for dismissal and to demonstrate that dismissal would have been in the best interest of the estate." Bankr. Paper No. 84.